Trevor Eaton HAUGHTON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–87–265–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 12, 1988.

Wayne T. Hill, Houston, for appellant.

John B. Holmes, Jr., Cathleen Herasimchuk, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and MURPHY and ROBERTSON, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

A jury found Trevor Eaton Haughton (appellant) guilty of aggravated sexual assault. The jury found "true" an enhancement paragraph alleging a previous conviction for murder. The jury assessed punishment at life incarceration in the Texas Department of Corrections. Haughton brings five points of error. We affirm.

The complainant is the appellant's niece. When she was ten years old she lived with

Haughton, her two cousins, and Haughton's girlfriend. Shortly before the sexual assaults, Haughton's girlfriend had called Child Protective Services. She believed Haughton had been spanking the girls excessively. Child Protective Services investigated, but took no action. Haughton sexually assaulted the complainant several times. A week or two after the assaults, she told Haughton's girlfriend about the assaults. Haughton had threatened after one of the assaults to "stomp" her if she told. Nevertheless, she testified about the assaults on videotape.

After his arrest, Haughton telephoned her and instructed her to retract her story and tell the authorities that she had invented the sexual assaults out of anger. Her cousins both had bicycles, and he promised her a bicycle if she would retract her story. At trial, she first denied the sexual assaults. In the afternoon, she returned to the stand and testified about the assaults, demonstrating her meaning with anatomically correct dolls. She testified that she had been afraid of Haughton that morning.

Upon cross-examination, Haughton's attorney attempted to impeach the complainant by referring to her testimony on videotape. In his cross-examination of the complainant and Haughton's girlfriend, he attempted to show the complainants' testimony was either a recent fabrication or that she had either been improperly influenced or had an improper motive. In response, the State offered the videotape into evidence. Haughton's attorney objected that "the admission where the parties or the attorneys are not present [at the videotaping], even though the witness may be called for cross-examination [at trial] is inadmissible." He could not cite case authority.

Trial counsel also objected that the videotape contained leading questions. The court overruled the objection to leading questions. In an abundance of caution, the State then offered those portions of the videotape containing leading questions to impeach the complainant's testimony during morning questioning denying the sexual assaults.

In his first point of error, Haughton contends the trial court erred in permitting the State to introduce into evidence the pretrial videotape of the complainant. The Court of Criminal Appeals declared TEX. CODE CRIM.P. art. 38.071, § 2 unconstitutional in *Long v. State*, 742 S.W.2d 302 (Tex.Crim.App.1987). Article 38.071, § 2 violated the confrontation clauses of the Texas and United States constitutions. When the present case went to trial the court of appeals in *Long* had already declared article 38.071, § 2 unconstitutional. At trial, Haughton did not raise the ground that the statute was unconstitutional. The trial court appeared to rely upon either the statute or Rule 801(e)(1)(D) in admitting the videotape. Haughton never raised the issue that article 38.071, § 2 might be unconstitutional. Therefore, neither the prosecutor nor the trial court had occasion to mention that the videotape was offered in precise accord with Rule 801(e)(1)(B).

The prosecution met the procedural requirements of article 38.071, Rule 801(e)(1)(D), and Rule 801(e)(1)(B). As *Long* declared article 38.071, § 2 unconstitutional, we do not rely upon that article in holding the videotape admissible. In 1983, when the legislature passed article 38.071, one function of the statute was to overcome the common law rule that the videotapes would be inadmissible hearsay. The Court of Criminal Appeals had not yet promulgated the Texas Rules of Criminal Evidence.

In 1985, the Court of Criminal Appeals promulgated the Texas Rules of Criminal Evidence under legislative authority. Acts 1985, 69th Leg., Ch. 685, p. 5136, §§ 5–9. Rule 801(e)(1)(D) states:

A statement is not hearsay if ... [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (D) taken and offered in accordance with Article 38.071 of the Texas Code of Criminal Procedure....

Before the Court of Criminal Appeals declared article 38.071, § 2 unconstitutional, the court had created an independent basis for admitting videotapes taken and offered

*in accordance* with article 38.071. In *Long* the court said article 38.071, § 2 was overbroad because it would sometimes force defendants to call child complainants as witnesses before the defendants could assert their right to confrontation of their accusers. Rule 801(e)(1)(D) prevented the constitutional problems addressed in *Long*. Rule 801(e)(1)(D) provided a separate statutory scheme under which the prosecution had to call the complainant and subject him or her to the defendant's cross-examination in order to present the videotape. The prosecution could not offer the tape during its *case in chief* until after it called the complainant to testify. It could not offer the tape during the *defense* unless the defendant had already called the complainant to testify. Rule 801(e)(1)(D) was not overbroad. The Court of Criminal Appeals, in its wisdom, would not have enacted a scheme of law without first assuring itself that the scheme was facially constitutional.

Nevertheless, it is unclear whether *Long* or later legislation implicitly neutralized Rule 801(e)(1)(D). Therefore, this decision rests upon other grounds. Texas Rule of Criminal Evidence 801(e)(1)(B) states:

A statement is not hearsay if ... [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive....

Relying solely upon Rule 801(e)(1)(B) and Rule 402, we hold the trial court had proper grounds upon which to admit the videotape: to rebut charges of improper influence and improper motive. Haughton gave the prosecutor and the trial court no reason to specify which ground they relied upon to justify admission of the videotape: Article 38.071, § 2, Rule 801(e)(1)(D) or Rule 801(e)(1)(B). Therefore, he may not complain that the trial relied upon the wrong ground in admitting the videotape. The first point for error is overruled.

■ In his second point of error, Haughton contends the evidence was insufficient to sustain the conviction. He argues that when the complainant demonstrated Haughton's sexual assaults with anatomically correct dolls before the jury, the prosecution's verbalization of the demonstration for the record was flawed. The prosecution referred to the analog of a vagina on the little girl doll as its "vagina area." Haughton maintains that the State thus failed to make the record reflect evidence Haughton's penis had contacted the complainant's vagina. He also contends that the complainant's denials of the assaults, when she first testified, detracted from the sufficiency of the evidence to prove contact. The critical inquiry for a challenge to the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). Viewing the evidence before the jury in the light most favorable to the verdict, a rational jury could easily have found contact between Haughton's penis and the complainant's vagina beyond a reasonable doubt. Dolls do not have real vaginas. Anatomically correct little girl dolls do have "vagina areas." The second point is overruled.

■ In his third and fourth points of error, Haughton argues that the prosecutor made improper arguments to the jury. During the guilt-innocence stage of the trial, Haughton's attorney charged the complainant had "formulate[d]" the contact of penis and vagina. The prosecution responded that the complainant had told the truth, and "they" were lying to the jury. This response was proper. *See Alejandro v. State,* 493 S.W.2d 230, 231–32 (Tex.Crim. App.1973). If the complainant's testimony was true, all contradictory statements were untrue.

■ During the punishment phase, Haughton had pled true to an enhancement paragraph based on an earlier conviction for murder. During closing argument, Haughton's attorney discussed rehabilitation. The prosecution responded by asking "What bit of evidence did you hear in that

trial that he is rehabilitated? That he needed to go back on the streets in a few years?" Haughton claims this was a comment on his failure to testify and a comment on the parole laws.

Haughton was not the only possible witness to his rehabilitation or lack thereof. The remark did not allude to missing evidence that only he could supply. *See Cook v. State*, 702 S.W.2d 597, 600 (Tex.Crim. App.1985). His girlfriend, sister, and niece all testified. Haughton could have elicited evidence of rehabilitation from any of them. Thus, the prosecutor did not comment upon Haughton's failure to testify. The jury was deciding how long to place Haughton in the Texas Department of Corrections when the prosecution mentioned rehabilitation. They could decide to incarcerate him for only fifteen years instead of life under TEX.PEN.CODE § 12.42(c) (Vernon 1974). Nothing in the record indicates that the prosecutor was referring to parole instead of sentencing. Haughton's attorney did not object to either statement at trial. Therefore, had error existed, he waived it. We need not allow the prosecutor the freedom allowed by the United States Supreme Court to find these arguments acceptable. *See* Note, *Prosecutorial Misconduct During Closing Argument After* Darden v. Wainwright: *The Guilty Need Not Complain*, 25 HOUS.L.REV. 217 (1987) (United States Supreme Court affirmed after highly inflammatory arguments). The prosecutor's responses to Haughton's attorney were neither inflammatory nor improperly prejudicial. *See Borgen v. State*, 672 S.W. 2d 456, 460 (Tex.Crim.App.1984). Haughton's third and fourth points of error are overruled.

In his fifth point of error, Haughton claims the state improperly bolstered the complainant's testimony by admitting the videotape and recalling the complainant after other witnesses had testified. Rule of Criminal Evidence 612(c) excludes earlier consistent statements except those admissible through Rule 801(e)(1)(B). As we have already held the videotape was properly admitted on that precise ground, the videotape clearly fits within the exception to Rule 612(c). Moreover, the court properly allowed the complainant to return to the stand. The complainant gave further testimony when she returned to the stand that differed from her original testimony. It would have been unjust to refuse her further testimony merely because she was too frightened to testify truthfully the first time she attempted to tell the jury what had occurred. TEX.CODE CRIM.P. art. 36.02. Haughton's fifth point of error is overruled. The judgment of the trial court is affirmed.