Trevor Eaton HAUGHTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 604–88.

Court of Criminal Appeals of Texas, En Banc.

June 20, 1990.

Rehearing Overruled March 6, 1991.

Wayne T. Hill, court appointed on appeal, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson and Claire Connors, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of aggravated sexual assault. The jury found an enhancement allegation "true" and assessed punishment at life in the Texas Department of Corrections. The Court of Appeals affirmed the conviction. *Haughton v. State*, 751 S.W.2d 899 (Tex.App.—Houston [14th] 1988). We granted appellant's petition to review the Court of Appeals' holding that a videotaped statement of the child-complainant was admissible. We reverse.

The Court of Appeals set out the following facts:

The complainant is · the appellant's niece. When she was ten years old she lived with Haughton, her two cousins, and Haughton's girlfriend. Shortly before the sexual assaults, Haughton's girlfriend had called Child Protective Services. She believed Haughton had been spanking the girls excessively. Child Protective Services investigated, but took no action. Haughton sexually assaulted the complainant several times. A week

or two after the assaults, she told Haughton's girlfriend about the assaults. Haughton had threatened after one of the assaults to "stomp" her if she told. Nevertheless, she testified about the assaults on videotape.

After his arrest, Haughton telephoned her and instructed her to retract her story and tell the authorities that she had invented the sexual assaults out of anger. Her cousins both had bicycles, and he promised her a bicycle if she would retract her story. At trial, she first denied the sexual assaults. In the afternoon, she returned to the stand and testified about the assaults, demonstrating her meaning with anatomically correct dolls. She testified that she had been afraid of Haughton that morning.

Upon cross-examination, Haughton's attorney attempted to impeach the complainant by referring to her testimony on videotape. In his cross-examination of the complainant and Haughton's girlfriend, he attempted to show the complainant's testimony was either a recent fabrication or that she had either been improperly influenced or had an improper motive. In response, the State offered the videotape into evidence. Haughton's attorney objected that "the admission where the parties or the attorneys are not present [at the videotaping], even though the witness may be called for cross-examination [at trial] is inadmissible." He could not cite case authority.

Trial counsel also objected that the videotape contained leading questions. The court overruled the objection to leading questions. In an abundance of caution, the State then offered those portions of the videotape containing leading questions to impeach the complainant's testimony during the morning questioning denying the sexual assaults.

*Haughton*, 751 S.W.2d at 899–900 (brackets in original).

To the Court of Appeals' rendition of the facts we add the following: The complainant testified on cross-examination that appellant spanked her on several occasions.

She denied that her motive for telling appellant's girlfriend about the sexual assaults was because of the spankings. The girlfriend testified that she reported appellant to the authorities because she was angry with him for other reasons. She also testified that the complainant was angry with appellant because of the spankings and the complainant wanted appellant out of the house. The girlfriend further testified that on the way to the police station the complainant admitted that she had lied about the sexual assault allegation.

The Court of Appeals recognized that the videotape could not have been properly admitted into evidence under Article 38.071, § 2, V.A.C.C.P., because that statute was held unconstitutional in *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987), after appellant's trial. The Court of Appeals, however, held that the videotape was relevant and was admissible under Tex.R.Crim.Evid. 801(e)(1)(B) to rebut charges of improper influence and improper motive.

"A prior statement of a witness which is consistent with his testimony is inadmissible except as provided in 801(e)(1)(B)." Tex.R.Crim.Evid. 612(c).

A statement is not hearsay if ... [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive....

Rule 801(e)(1)(B).

Appellant contends the videotape was inadmissible under Rule 801(e)(1)(B) because the complainant's statements in the tape were not consistent with her testimony at trial. Appellant points out that at trial the complainant initially denied the sexual assault took place, although she later testi-

fied that appellant did sexually assault her. Appellant further argues that the videotape was inadmissible to rebut an allegation of recent fabrication or improper influence or motive because the evidence was that the fabrication and motive to fabricate existed before the videotape was made. Additionally, appellant relies on *Long* to argue that his confrontation rights were violated by the trial court's admission of the videotape into evidence.

The State counters that appellant did not preserve error since he did not object at trial that the introduction of the videotape would deny him his right to confront and cross-examine the complainant.[1] The State also argues that appellant's counsel suggested by cross-examination that the complainant's testimony was in conflict with her videotaped statement and that the videotape was properly admitted under Rule 801(e)(1)(B) to rehabilitate the witness and rebut the allegations of recent fabrication or improper motive.

We first address appellant's contention that the statement was not admissible under Rule 801(e)(1)(B). Appellant, through cross-examination of the complainant and the testimony of the girlfriend, charged the complainant with having an improper motive. The question remains whether the videotaped statement was admissible to rebut the allegation.

Before the promulgation of the Rules of Criminal Evidence, a prior consistent statement was only admissible to rebut charges of improper motive if the statement was made before the improper motive existed. *Rains v. State*, 140 Tex.Crim. 548, 146 S.W.2d 176 (1940). We have addressed the continued viability of *Rains* in light of the Texas Rules of Criminal Evidence. *Campbell v. State*, 718 S.W.2d 712 (Tex.Cr.App. 1986).[2] In *Campbell* we stated that Rule

1. The State has not preserved this argument for review since there is no cross-petition for discretionary review claiming a procedural bar. *Keith v. State*, 782 S.W.2d 861, 863 n. 4 (Tex.Cr. App.1989); *Wilson v. State*, 772 S.W.2d 118, 120 n. 3 (Tex.Cr.App.1989). Nor has the State cross-petitioned this Court asserting any reason other than Rule 801(e)(1)(B) in support of the videotape's admission into evidence.

2. The trial in *Campbell* occurred before the effective date of the Texas Rules of Criminal Evidence. Therefore, in *Campbell* our discussion of those rules as they relate to prior consistent statements was advisory in nature and was not part of our holding.

801(e)(1)(B) is simply a codification of well-established Texas caselaw. *Id.* at 715. This Court further observed that the federal courts have interpreted nearly identical language [3] to require that the prior consistent statement be made before the improper motive arose. *Id.* at 715–16 (citing *United States v. Quinto*, 582 F.2d 224 (2nd Cir. 1978)). This Court recognized that federal authority differs on the temporal requirement depending on whether the prior statement is offered as substantive evidence or for rehabilitation. *Campbell*, 718 S.W.2d at 716. Nevertheless, we stated that Tex. R.Crim.Evid. 801(e)(1)(B) will also be interpreted to require that the prior consistent statement be made before the improper motive arose.

> The rationale for excluding most, but not all, prior consistent statements being offered to establish the witness's credibility is one of relevancy.... "Prior consistent statements traditionally have been admissible to rebut charges of recent fabrication or improper influence or motive." But the prior consistent statements have been so admissible only when the statements were made prior to the time the supposed motive to falsify arose. Only then was the prior consistent statement "relevant" on the issue of credibility; that is, it tended to make the trustworthiness of the witness's in-court testimony more probable, after that testimony had been assailed, inasmuch as the consistency of the prior statement with the witness's testimony at trial made it "appear that the statement in the form now uttered was independent of the [alleged] discrediting influence."

*Quinto*, 582 F.2d at 232–33 (citations omitted; brackets in original), *quoted in Campbell*, 718 S.W.2d at 715–16.

Rule 801(e)(1)(B) allows for the admission of prior consistent statements to *rebut* allegations of improper influence or motive. A statement made after the alleged motive to fabricate arose does not rebut the allegation. Unlike *Campbell*, the present case was tried under the Texas Rules of Criminal Evidence. We now hold that Rule 801(e)(1)(B) requires that a prior consistent statement be made before the alleged improper influence or motive arose.

■ In the instant case the alleged motive for fabrication arose prior to the making of the videotaped statement. The videotape was not admissible as a prior consistent statement under Rule 801(e)(1)(B).[4]

Although the admission of the videotape into evidence was error, a harmless error analysis must still be made under Tex.R. App.Pro. 81(b)(2). *Harris v. State*, 790 S.W.2d 568 (Tex.Cr.App.1989); *Mallory v. State*, 752 S.W.2d 566 (Tex.Cr.App.1988). Therefore, we reverse the judgment of the Court of Appeals and remand this case to that court for an analysis under Rule 81(b)(2).

McCORMICK, P.J., and W.C. DAVIS, J., dissent.

CLINTON and WHITE, JJ., concur in the result.

---

3. Federal Rules of Evidence 801(d)(1)(B) provides:

> A statement is not hearsay if ... [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive....

4. Because we hold that the videotaped statement was not made before the alleged improper motive existed, we do not address appellant's contention that the videotaped statement was not consistent with the complainant's trial testimony. We also do not address appellant's argument that he was denied his right of confrontation, inasmuch as the statement was not admissible under Rule 801(e)(1)(B).