Trevor Eathon HAUGHTON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–87–265–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 5, 1991.

Wayne T. Hill, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION ON REMAND

J. CURTISS BROWN, Chief Justice.

Appellant was convicted by a jury of aggravated sexual assault and assessed punishment, enhanced by a previous felony conviction, at confinement in the Texas Department of Corrections[1] for life. On original submission, we affirmed the judgment of the trial court and held that a pretrial videotape of the child complainant was admissible at trial to rebut charges of improper influence and improper motive under TEX.R.CRIM.EVID. 801(e)(1)(B). *See Haughton v. State*, 751 S.W.2d 899, 901 (Tex. App.—Houston [14th Dist.] 1988), *rev'd*, 805 S.W.2d 405 (Tex.Crim.App.1990). On appellant's petition for discretionary review, the Court of Criminal Appeals held that the videotape was inadmissible, and

reversed and remanded the cause to this court for a harmless error analysis under TEX.R.APP.P. 81(b)(2). *See Haughton v. State*, 805 S.W.2d 405, 408 (Tex.Crim.App. 1990). We reverse and remand for a new trial.

Appellant was charged with the offense of aggravated sexual assault of a child. The indictment alleged that appellant committed the offense by (1) placing his sexual organ in the female sexual organ of the complainant, and (2) placing his sexual organ in contact with the female sexual organ of the complainant. The complainant is the appellant's niece, and was nine years old at the time of the alleged incidents. At trial, the complainant testified about several occasions where the appellant, wearing only his underwear, had kissed her on the mouth and hugged her. The complainant also testified that appellant had asked her to "suck his privacy" and that he had ejaculated onto her chin and neck. However, the complainant repeatedly denied that appellant ever contacted or penetrated her "privacy" with his "privacy".

One week after the incidents, the complainant, accompanied by the appellant's girlfriend, filed a complaint with the police. The complainant's statement to the police was preserved on videotape. Upon cross-examination, appellant's counsel attempted to impeach the complainant by referring to her testimony on the videotape. In response, the State offered the videotape into evidence and it was played to the jury. After a lunch recess, the complainant returned to the stand and testified about the assaults. As in the videotape, the complainant used anatomically correct dolls to demonstrate that the appellant had penetrated her vagina with his penis. The complainant further testified that she was too scared to talk in the morning session. In addition, appellant's girlfriend testified that the complainant was angry with appellant when she went to the police, because of numerous spankings that she had received. The girlfriend further testified that on the way to the police station, the

1. Presently known as the Texas Department of Criminal Justice, Institutional Division.

complainant admitted that she had lied about the sexual assaults.

 The admission of the videotape into evidence was error. *See Haughton,* 805 S.W.2d at 408. Under the provisions of Rule 81(b)(2), we are obligated to reverse the judgment of the trial court unless we determine beyond a reasonable doubt that the error made no contribution to the appellant's conviction. TEX.R.APP.P. 81(b)(2); *Harris v. State,* 790 S.W.2d 568, 584 (Tex. Crim.App.1989); *Mallory v. State,* 752 S.W.2d 566, 569-70 (Tex.Crim.App.1988). In applying the harmless error analysis, we must focus upon the effect of the error, and not the overwhelming nature of the remaining evidence or the propriety of the outcome of the trial. Thus, we must determine whether the error at issue might possibly have prejudiced the jurors' decision-making process. *Harris,* 790 S.W.2d at 587-88.

 Here, the complainant initially testified that the appellant did not penetrate or contact her vagina with his penis. Furthermore, the jury heard testimony from the appellant's girlfriend that the complainant admitted lying about the sexual assaults. Moreover, the State did not present any physical evidence to the jury. When the videotape was admitted and played for the jury, it was the only evidence that would tend to prove the elements of the offense charged. However, when the complainant returned to the stand in the afternoon, she retracted her earlier testimony and described the sexual assaults through the use of anatomically correct dolls.

The State's entire case rested upon the testimony of the child complainant. Yet, the complainant's testimony changed from the morning to the afternoon. We pause to note that had the videotape not been erroneously admitted, the evidence would have been sufficient to support appellant's conviction. However, we must determine whether the erroneous admission of the videotape disrupted the jurors' orderly evaluation of the evidence, no matter how overwhelming it might have been. *See Harris,* 790 S.W.2d at 588. The videotape was the only evidence presented that would

corroborate the complainant's afternoon testimony regarding the sexual contact or penetration as charged in the indictment. During final argument, the prosecutor emphasized the videotape and asked the jury to consider when it was made, as well as the complainant's demeanor, anguish and tears that they observed. During deliberations, the jury requested the opportunity to view the videotape a second time. Under these circumstances, we cannot say that the jury did not rely upon or consider the inadmissible videotape in reaching their verdict. Rather, it seems clear that the erroneous admission of the videotape prejudiced the jurors' decision-making process and disrupted their orderly evaluation of the evidence. Consequently, we cannot conclude beyond a reasonable doubt that the error made no contribution to appellant's conviction.

Accordingly, we reverse the judgment of the trial court and remand for a new trial.