JOHNSTON 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00292-CR







DeJana Johnston, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 93-6115, HONORABLE TOM BLACKWELL, JUDGE PRESIDING








 A jury convicted DeJana Johnston of aggravated robbery with a deadly weapon
and assessed punishment at imprisonment for five years. See Tex. Penal Code Ann. § 29.03
(West 1994). Appellant contends that the trial court erred by admitting evidence of an
extraneous offense that was not proven beyond a reasonable doubt and by refusing to allow
appellant to introduce a prior consistent statement to rebut the State's implied charge of recent
fabrication. We will affirm the trial court's judgment of conviction.

 Appellant was arrested along with Michael McGraw and Clifford Hoffman
shortly after McGraw and Hoffman entered the kitchen door of Kerbey Lane Cafe, brandished
a sawed-off shotgun and knife, and robbed the customers. Several witnesses had observed
Johnston sitting in front of the restaurant shortly before the robbery and identified her as the
driver of the getaway truck. Appellant claimed she had recently met her two companions,
knew nothing of their criminal plans, and was asked to drive only when one of the men fell ill. 
To rebut this defense, the prosecution introduced testimony that Johnston had been seen
recently in Lubbock with McGraw and Hoffman. Two witnesses observed Johnston enter a
bar, look it over for a minute, and then leave without speaking to anyone. Three or four
minutes later, two armed men entered through the back door wielding a sawed-off shotgun and
a knife and robbed the customers. 

 At trial, appellant objected to the admission of testimony regarding the incident in
Lubbock, complaining that there were insufficient signature characteristics of the Lubbock
incident to warrant its introduction for any of the limited purposes listed in Rule 404(b). Tex. R.
Crim. Evid. 404(b). According to Rule 404(b), evidence of other crimes, wrongs or acts is not
admissible for the purpose of proving a person's character, but it may be admissible for purposes
of proving, inter alia, "motive, opportunity, intent, preparation, plan, knowledge, identity, or
absence of mistake or accident." Evidence of other crimes, wrongs or acts is admissible only if
it "tends in logic and common experience to serve some purpose other than character conformity
to make the existence of a fact of consequence more or less probable than it would be without the
evidence." Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (on rehearing).

 Appellant argues that the State failed to establish that the Lubbock robbery was
similar enough to the Austin robbery to be probative of appellant's intent or knowledge. The
State introduced evidence about the Lubbock robbery to rebut appellant's testimony that she had
just met her two companions and was unaware of their plans to rob the restaurant. The trial court
determined that an incident one week earlier involving the same three individuals playing the same
roles and employing the same weapons to rob a similar establishment was probative of appellant's
intent and of her knowledge of her companions' intent in the Austin robbery. We agree. In light
of appellant's defense that she did not know these two men and did not know their plan to commit
a robbery, we cannot say that the trial court abused its discretion in overruling the objection and
allowing the jury to hear about appellant's role in a similar incident a week earlier. 

 Appellant also argues that the trial court erred in admitting evidence concerning the
Lubbock incident because the State failed to prove appellant's involvement beyond a reasonable
doubt. Before evidence of an extraneous offense can be admitted, "the trial court must, under
Rule 104(b), make an initial determination at the proffer of evidence, that a jury could reasonably
find beyond a reasonable doubt that the defendant committed the extraneous offense." Harrell v.
State, 884 S.W.2d 154, 160 (Tex. Crim. App. 1994) (emphasis added). This rule of evidence
applies to proof of any extraneous conduct which reflects adversely on the defendant regardless
of whether the conduct constitutes an offense, so the State need only produce sufficient evidence
of appellant's participation in the previous incident. See Plante v. State, 692 S.W.2d 487, 490
(Tex. Crim. App. 1985). By complaining that the trial court erred in admitting the evidence
because the State "did not establish beyond a reasonable doubt that she committed the offense,"
appellant misconstrues the rule set forth in Harrell. The State need not prove beyond a reasonable
doubt that the defendant committed the act, but rather the trial court must only determine whether
a jury could reasonably conclude that the conduct was proven beyond a reasonable doubt. As a
safeguard, the court must also instruct the jury not to consider the extraneous conduct unless it
believes beyond a reasonable doubt that the defendant committed the offense. Here, the trial court
properly instructed the jury not to consider the Lubbock incident if the jury was not satisfied that
appellant's participation in the incident was proven beyond a reasonable doubt. 

 In any event, appellant did not preserve any error under Harrell because her
objection at trial was limited to the failure of the State's evidence to fall within the limited
purposes of Rule 404(b), an argument which we have already addressed. In order for an issue
to be preserved on appeal, there must be a timely objection which specifically states the legal basis
for the objection. An objection stating one legal basis may not be used to support a different legal
theory on appeal. Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Because
appellant's objection at trial differs from her argument on appeal, she has waived any error and
we cannot reach the merits of her Harrell complaint. We overrule appellant's first point of error. 


 In her second point of error, appellant contends that the trial court erred in refusing
to allow her to introduce a prior consistent statement to rebut suggestions of recent fabrication. 
See Tex. R. Crim. Evid. 801(e)(1)(B). The Court of Criminal Appeals has held that prior
consistent statements may be introduced to rebut such suggestions only if the statement was made
before the motive to fabricate arose. Haughton v. State, 805 S.W.2d 405, 408 (Tex. Crim. App.
1990). At trial, appellant testified that she did not know of or intend to participate in the
commission of a robbery, but she acknowledged that the prior consistent statement had been made
subsequent to the robbery. The trial court refused to admit the prior statement because it was
made after the offense and was therefore "clearly self-serving." 

 Because appellant failed to make a bill of exceptions, we are unable to determine
whether the trial court erred in excluding the prior statement. Moosavi v. State, 711 S.W.2d 53,
54 (Tex. Crim. App. 1986). Error must be properly preserved during trial so that a complete
record of the error can be reviewed on appeal. Id. When counsel intends to rely upon an
informal bill to preserve error, the bill must include a summary of the proposed testimony. Love
v. State, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993). We have neither the prior statement nor
a summary of its contents, so we cannot say that the trial court abused its discretion in excluding
it. Furthermore, if we do not know the contents of the statement held inadmissible by the trial
court, we cannot say whether appellant was harmed by its exclusion. Moreover, the trial court
did admit another prior consistent statement which, if it contained substantially the same
information as the excluded statement, would have rendered the exclusion harmless. Because we
are unable to determine whether the trial court erred on the record before us, we overrule
appellant's second point of error. 

 Having overruled both of appellant's points of error, we affirm the judgment of the
trial court. 



 

 Bea Ann Smith, Justice 

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: October 11, 1995

Do Not Publish



f whether the conduct constitutes an offense, so the State need only produce sufficient evidence
of appellant's participation in the previous incident. See Plante v. State, 692 S.W.2d 487, 490
(Tex. Crim. App. 1985). By complaining that the trial court erred in admitting the evidence
because the State "did not establish beyond a reasonable doubt that she committed the offense,"
appellant misconstrues the rule set forth in Harrell. The State need not prove beyond a reasonable
doubt that the defendant committed the act, but rather the trial court must only determine whether
a jury could reasonably conclude that the conduct was proven beyond a reasonable doubt. As a
safeguard, the court must also instruct the jury not to consider the extraneous conduct unless it
believes beyond a reasonable doubt that the defendant committed the offense. Here, the trial court
properly instructed the jury not to consider the Lubbock incident if the jury was not satisfied that
appellant's participation in the incident was proven beyond a reasonable doubt. 

 In any event, appellant did not preserve any error under Harrell because her
objection at trial was limited to the failure of the State's evidence to fall within the limited
purposes of Rule 404(b), an argument which we have already addressed. In order for an issue
to be preserved on appeal, there must be a timely objection which specifically states the legal basis
for the objection. An objection stating one legal basis may not be used to support a different legal
theory on appeal. Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Because
appellant's objection at trial differs from her argument on appeal, she has waived any error and
we cannot reach the merits of her Harrell complaint. We overrule appellant's first point of error. 


 In her second point of error, appellant contends that the trial court erred in refusing
to allow her to introduce a prior consistent statement to rebut suggestions of recent fabrication. 
See Tex. R. Crim. Evid. 801(e)(1)(B). The Court of Criminal Appeals has held that prior
consistent statements may be introduced to rebut such suggestions only if the statement was made
before the motive to fabricate arose. Haughton v. State, 805 S.W.2d 405, 408 (Tex. Crim. App.
1990). At trial, appellant testified that she did not know of or intend to participate in the
commission of a robbery, but she acknowledged that the prior consistent statement had been made
subsequent to the robbery. The trial court refused to admit the prior statement because it was
made after the offense and was therefore "clearly self-serving." 

 Because appellant failed to make a bill of exceptions, we are unable to determine
whether the trial court erred in excluding the prior statement. Moosavi v. State, 711 S.W.2d 53,
54 (Tex. Crim. App. 1986). Error must be properly preserved during trial so that a complete
record of the error can be reviewed on appeal. Id. When counsel intends to rely upon an
informal bill to preserve error, the bill must include a summary of the proposed testimony. Love
v. State, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993). We have neither the prior statement nor
a summary of its contents, so we cannot say that the trial court abused its discretion in excluding
it. Furthermore, if we do not know the contents of the statement held inadmissible by the trial
court, we cannot say whether appellant was harmed by its exclusion. Moreover, the trial court
did admit another prior consistent statement which, if it contained substantially the same
information as the excluded statement, would have rendered the exclusion harmless. Because we
are unable to determine wh