Affirmed and Memorandum Opinion filed February 5, 2004









Affirmed
and Memorandum Opinion filed February 5, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00007-CV

____________

 

 

IN THE INTEREST OF E.D.

 

 

 



 

On Appeal from the County
Court at Law No. 1

Galveston County, Texas

Trial Court Cause No. 02JV0046

 



 

M E M O R A N D U M  
O P I N I O N

Appellant E.D. appeals his conviction for delinquent
conduct, namely aggravated sexual assault of a child younger than the age of
fourteen.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion.  See Tex. R. App. P. 47.4.  We affirm.

A bifurcated jury trial was conducted on October 29-31,
2002.  After determining appellant=s guilt, the trial court
rendered a determinate sentence of fifteen years and ordered him committed to
the custody of the Texas Youth Commission. 
This appeal followed.








In his sole issue presented for review, appellant argues
that the trial court erred in admitting the videotape containing testimony by
E.C. (Acomplainant@) identifying appellant as the
perpetrator.  We review a trial court=s decision to admit evidence
for abuse of discretion. Resendiz v. State, 112 S.W.3d 541, 544 (Tex. Crim.
App. 2003).  We will not reverse
that decision unless it falls outside the zone of reasonable disagreement.  Id.

Appellant claims that the videotaped testimony is not
admissible under the hearsay exception for prior consistent statements because
the videotape was not made until after the allegedly improper motive arose,
citing Turro v. State, 950 S.W.2d 390 (Tex. App.CFort Worth 1997, pet. ref=d) and Haughton v. State,
805 S.W.2d 405 (Tex. Crim. App. 1990).  Under Rule 801(e)(1)(B)
of the Texas Rules of Evidence, a party may introduce a prior consistent
statement if the declarant testifies at trial and is
subject to cross-examination, and the statement Ais offered to rebut an express
or implied charge against the declarant of recent
fabrication or improper influence or motive.@  The record reflects that this requirement was
satisfied.

During appellant=s cross-examination of
complainant, the following exchange occurred:

Q:      When was the
last time that you and your mom have talked about what happened that night?

A:      I don=t remember.

Q:      Was it a few
days ago or was it a long time ago?

A:      I think a week
ago.

Q:      Did your mom
tell you what to say or not to say?

A:      Yes.

Q:      Did your mom
tell you to make sure to blame [appellant], that he=s the only one that did this?








A:      No.

Q:      What did your
mom tell you to say?

A:      She just said
to tell the truth, nothing but the truth.

This exchange makes clear appellant=s attempt to show that
complainant=s testimony at trial had been
influenced by her mother.  The videotape
was offered by the State to rebut the charge of improper influence and was made
on November 20, 2001Cwell before the conversation
between complainant and her mother took place in October 2002.  Therefore, the trial court did not err in
admitting complainant=s videotaped testimony.  Accordingly, appellant=s sole issue presented for
review is overruled.

The judgment is affirmed.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 5, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.