

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,994

**Ex parte DAVID LYNN BRATCHER, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1037467-A IN THE 182ND DISTRICT COURT
### HARRIS COUNTY

**COCHRAN, J., filed a concurring opinion in which JOHNSON, J., joined.**

### <u>CONCURRING OPINION</u>

I agree with the majority's reasoning and resolution concerning applicant's first and third ineffective-assistance-of-counsel claims, and I agree with its resolution of the second claim, though not with its reasoning.

I do not think that C.W.'s letter to applicant was admissible as a prior consistent statement under Rule 801(e)(1)(B)[1] either on direct examination or after applicant's attorney,

---

[1] Rule 801(e)(1)(B) of the Texas Rules of Evidence states,
A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statements is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive[.]

in cross-examination, suggested that C.W. fabricated the 1991 Houston incident.[2] I also do not think that the letter was admissible for the non-hearsay purpose of shedding light on applicant's state of mind or responses during C.W.'s secretly recorded telephone conversation.   Applicant's trial counsel properly objected to admission of the letter, and while his objections were not a model of legal clarity, I think that they were sufficient to put the trial judge on notice of applicant's complaint that the letter was (1) self-serving hearsay and that C.W. had time "to compose it and put in there what he wanted to as opposed to saying, 'Here's what happened and this is what I did.'"; and (2) "meant only to inflame the minds of the jury" and its prejudicial effect outweighed its probative nature. It was the trial judge who mistakenly overruled counsel's objections.   Therefore, I agree that trial counsel did not violate applicant's right to effective assistance of counsel.

### I.

Rule 801(e)(1)(B) allows for the admission of a witness's prior consistent statements "offered to rebut an express or implied charge against him of recent fabrication or improper

---

[2] Applicant had claimed on direct appeal that C.W.'s letter was not admissible as a prior consistent statement under Rule 801(e)(1)(B), but the court of appeals did not address the merits of that complaint, concluding that applicant's counsel did not object on that basis, but rather on the basis of Rules 402 and 403. *Bratcher v. State*, No. 01-08-00610-CR, 2009 WL 1331344, *5 (Tex. App.–Houston [1st Dist.] May 14, 2009, pet. ref'd) (not designated for publication) ("[A]t trial, appellant objected to the admission of the letter on the grounds that the letter was 'self-serving,' 'not relevant,' 'cumulative,' and 'meant to inflame the minds of the jury' and added that 'the prejudicial affect [sic] outweighs any probative nature. . . .' Appellant did not mention the rule barring prior consistent statements in making his objection.  Appellant's grounds for objection at trial were Rules 402 and 403."). Taken as a whole, I think that the hearsay objection was sufficiently raised.  At any rate, the Rule 402/403 issue was preserved, but applicant's counsel on direct appeal did not argue that the letter was barred by Rule 403.

influence or motive."[3]  First, the proponent must show that the prior statement is actually consistent with the witness's trial testimony.[4] Second, he must show that the statement is offered to rebut an express or implied charge of recent fabrication.[5]  And finally, he must show that the prior consistent statement was made before the motive to fabricate arose.[6]

In this case, the main defense strategy was to attack C.W.'s credibility, specifically regarding the existence of the 1991 incident in Houston.  Applicant's counsel did this, in part, by suggesting that C.W. made up the sexual encounter in Houston because C.W. had not achieved his "objective" in the Dallas case.  But C.W.'s letter does not rebut the specific fabrication that applicant was asserting:    The Houston sexual encounter either (1) never occurred, or (2) did not occur in 1991 when C.W. was only 12.  There is nothing in C.W.'s letter that refers, even obliquely, to the Houston incident, the first sexual encounter between C.W. and applicant, or C.W.'s age when the first sexual encounter took place.  The letter is extremely vague about specific events, times, and places.  It is a general attack upon applicant as a pedophile and "one of the sickest minded human beings that has ever walked the face of this earth," but it contains virtually no specific facts or descriptions of events.

---

[3] TEX. R. EVID. 801(e)(1)(B).

[4] *See Kipp v. State*, 876 S.W.2d 330, 338 (Tex. Crim. App. 1994) (a prior consistent statement "must relate to the same matter or incident testified to by the declarant at trial.").

[5] *Hammons v. State*, 239 S.W.3d 798, 804 (Tex. Crim. App. 2007) ("The rule sets forth a minimal foundation requirement of an implied or express charge of recent fabrication or improper motive.").

[6] *See Haughton v. State*, 805 S.W.2d 405, 407–08 (Tex. Crim. App. 1990).

The letter simply does not rebut the defensive theory that C.W. fabricated the 1991 Houston sexual encounter.  Because the letter is not actually consistent with C.W.'s trial testimony concerning the Houston encounter, it was not admissible under Rule 801(e)(1)(B).

## II.

The majority concludes that C.W.'s letter was admissible because its contents shed some light on applicant's thought processes and responses during the March 2002 secretly recorded telephone conversation between C.W. and himself.  It may do that, but so what?  What is the relevance of applicant's thought processes and responses to C.W.'s goading questions in deciding whether he had committed aggravated sexual assault more than ten years earlier?  If, during that phone call, applicant had confessed to the 1991 Houston incident (or any sexual act with C.W. while he was a minor), that inculpatory statement would have been relevant and admissible as evidence of his guilt.  But the majority fails to point to any specific response by applicant during the phone call that demonstrates an admission of guilt or indicates a guilty conscience.  Applicant's six references to the letter during the phone conversation were simply too ambiguous to support a rational inference that he was minimizing responsibility for sexually molesting C.W. in Houston in 1991.

I conclude that whatever small probative value the letter might have had as an indication of applicant's mental state or responses during the secretly recorded phone conversation were substantially outweighed by the risk of unfair prejudice that C.W.'s inflammatory language and accusations of "pedophile" carried with it.  I do not think that the

letter should have been admitted over trial counsel's Rule 402 and Rule 403 objections.

Therefore, I conclude that applicant's trial counsel did not provide constitutionally deficient assistance in failing to ensure that C.W.'s letter was not admitted before the jury. He properly objected to its admission on the basis of Rules 402 and 403, and his other objections were sufficient to raise an objection to what was clearly and obviously a hearsay document composed by C.W. for the very purpose of making a testimonial accusation against applicant.

With these comments, I concur in the majority's rejection of all of applicant's ineffective-assistance-of-counsel claims.

Filed: June 26, 2013
Do not publish